**SUPERPOWERAFFILIATES.COM, INC., a Delaware Corporation; Shaun Browne, individual; James Mcinnes, individual; Mark Grosher, individual, Plaintiffs—Appellants,**

v.

**TRANSPORTATION INSURANCE COMPANY, a corporation, Defendant—Appellee.**

**No. 04–55425.**

**D.C. No. CV–03–00351–AHS.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 9, 2005.

Decided June 2, 2006.

Richard G. Osborn, Osborn & Associates, Rancho Cucamonga, CA, for Plaintiffs—Appellants.

Hellar–Ann Hancock, Michelman and Robinson, LLP, Encino, CA, for Defendant—Appellee.

Before BEEZER, HALL, and WARDLAW, Circuit Judges.

## MEMORANDUM *

Superpoweraffiliates.com, Inc. (SPA) appeals the district court's grant of summary judgment. SPA filed a claim against Transportation Insurance Company (Transportation) alleging breach of contract and violation of the duty of good faith and fair dealing arising from Transportation's failure to defend A–Frame Software Company (A–Frame) in a claim SPA brought against A–Frame. The district court granted summary judgment against SPA based on its determination that Transportation had no duty to defend or indemnify A–Frame because A–Frame violated the "no voluntary payments" ("NVP") provision of its insurance contract.

The parties are familiar with the relevant facts and we do not repeat them here.

## I

We review de novo a district court's grant of summary judgment. *Universal Health Servs., Inc. v. Thompson,* 363 F.3d 1013, 1019 (9th Cir.2004). "We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Id.* (quoting *EEOC v. Luce, Forward, Hamilton & Scripps,* 345 F.3d 742, 746 (9th Cir.2003)).

## II

Typically, an NVP provision applies when an insured incurs expenses or enters into a settlement agreement before tendering defense of the claim to the insurer. *Truck Ins. Exch. v. Unigard Ins. Co.,* 79 Cal.App.4th 966, 976, 94 Cal.Rptr.2d 516 (Cal.Ct.App.2000). In *Low v. Golden Ea-*

*gle Insurance Co.,* 110 Cal.App.4th 1532, 1546–47, 2 Cal.Rptr.3d 761 (Cal.Ct.App. 2003), the California Court of Appeal held that an NVP provision is enforceable in the time period between when an insured tenders the defense to the insurer and when the insurer makes a coverage determination. The district court determined that, because SPA and A–Frame entered into the settlement agreement after A–Frame tendered the defense to Transportation but before Transportation had rendered its coverage determination, A–Frame violated the NVP provision and Transportation was absolved of any potential duty to defend or indemnify A–Frame in the litigation with SPA.

In California, an NVP provision will be inapplicable for involuntariness in situations of "economic necessity, insurer breach or other extraordinary circumstance." *Jamestown Builders, Inc. v. Gen. Star Indem. Co.,* 77 Cal.App.4th 341, 346, 91 Cal.Rptr.2d 514 (Cal.Ct.App.1999). California courts have also indicated that a showing of "duress" will be sufficient to establish involuntariness. *See Tradewinds Escrow, Inc. v. Truck Ins. Exch.,* 97 Cal. App.4th 704, 711, 118 Cal.Rptr.2d 561 (Cal. Ct.App.2002). Whether a settlement was entered into voluntarily is a question of fact. *Id.* at 710, 118 Cal.Rptr.2d 561.

SPA argues, *inter alia,* that the settlement was not voluntary because it was facing pressure from the court to advance the litigation, Transportation was "totally mute and unresponsive" to A–Frame's tender, and A–Frame could not fund its own defense and was facing financial ruin. A review of the record demonstrates that a genuine dispute of material fact exists as to whether the settlement was entered into voluntarily. The parties dispute whether

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

A–Frame was under duress and facing financial ruin. More significantly, there is serious question regarding whether Transportation's long delay in responding to A–Frame's tender constitutes an "extraordinary circumstance" that would render the settlement involuntary. This is particularly the case, considering insurance companies are expected to respond to a tender for defense within a period of days, not months. *See Jamestown Builders,* 77 Cal. App.4th at 346, 91 Cal.Rptr.2d 514 ("[NVP provisions] are designed to ensure that *responsible* insurers that *promptly* accept a defense tendered by their insureds thereby gain control over the defense and settlement of the claim.") (emphasis added). The unusual sequence in which these events unfolded warrants providing the parties the opportunity to further develop the facts surrounding the tender, entrance into settlement and ultimate denial of coverage.

### III

Because there is a genuine dispute of material fact as to whether A–Frame violated the NVP provision, the district court's grant of summary judgment is reversed. We remand for further proceedings to determine the voluntariness question and note that on remand all other questions raised in the underlying claim, such as whether Transportation had a duty to defend and indemnify A–Frame and whether it breached that duty, remain open.[1]

REVERSED and REMANDED.

---

1. The parties argued on appeal that we should affirm on the alternate basis that Transportation was under no duty to defend or indemnify A–Frame. We decline to do so.

